IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:23-cr-38-RJC |
| | ) | |
| v. | ) | BILL OF INDICTMENT |
| | ) | |
| | ) | Violations: |
| | ) | 18 U.S.C. §§ 2261A(2)(A), (B) and § 2261(b)(5), (6) |
| | ) | 18 U.S.C. §§ 2261A(1)(A), (B) and § 2261(b)(5), (6) |
| | ) | 18 U.S.C. §§ 1201 and 2 |
| | ) | 18 U.S.C. § 875(c) |
| RUSSELL J. MARTINI | ) | |

THE GRAND JURY CHARGES:

## BACKGROUND

1. The defendant, Russell J. Martini, and Jane Doe dated for approximately four years. For the majority of their relationship, the defendant and Jane Doe lived together in New York. Jane Doe ended the relationship on or about March 25, 2022, when she left the home she shared with the defendant.

2. On April 12, 2022, Jane Doe moved from New York to the Charlotte, North Carolina, area.

3. Between on or about March 25, 2022, and May 9, 2022, the defendant repeatedly harassed Jane Doe:

　　a. On or about April 4, 2022, the defendant created a public social media account in Jane Doe's name and used as the profile picture an unclothed still image of Jane Doe that showed her breasts.

　　b. On or about April 12, 2022, in violation of a domestic violence protection order that prohibited the defendant from contacting Jane Doe directly or through a third party, the defendant texted Jane Doe's sister "you better tell your sister to do the right thing and call me so we can talk."

1

c.   On or about April 13, 2022, the defendant emailed Jane Doe and said, in part, "You will forever be looking over your shoulder. You and your sister and [your mother]."

d.   The defendant repeatedly threatened to post embarrassing videos and pictures on social media and to share these videos and pictures with Jane Doe's family members. For example, the defendant sent Jane Doe an email that said, in part, "u are gonna be sorry this time. I am posting all the movies I have all over Instagram, Facebook, ticktok, Linkedin, Pinterest. Everywhere. Fuck u you couldn't even call me after all the time invested in our relationship," and later "I took the stuff down and I get nothing from your end. You could at least call me [Jane Doe]. I mean really. I love u now this shit will be up until I get out."

4.   Between April 12, 2022, and approximately May 9, 2022, the defendant engaged in a course of conduct, including sending hundreds of electronic messages to Jane Doe some of which threatened acts of violence, that placed Jane Doe in reasonable fear of death or serious bodily injury, and caused and attempted to cause, and would reasonably be expected to cause substantial emotional distress to Jane Doe. This course of conduct included the defendant sending Jane Doe the following emails:

a.   On April 13, 2022, the defendant sent an email to Jane Doe that stated, "You are fucked I hope you have a cop with u the rest of your life cause u ruined my life now I am gonna end yours [Jane Doe]!!"

b.   On May 4, 2022, the defendant sent Jane Doe the following email: "You're a cunt and I am going to kill you [Jane Doe]"

c.   On May 6, 2022, the defendant sent Jane Doe the following email: "…[Jane Doe] now I am definitely caving your face in that's how fast your over me. [Jane Doe] you are gonna be in a

pool of blood I am killing the animals right in front of you. You are hurting me so badly [Jane Doe] that's it your dead I am coming fuckkkkk u [Jane Doe]"

        d.     Later on May 6, 2022, the defendant sent Jane Doe the following email: "[Jane Doe] tomorrow is your last chance we get back together willingly or I take you by force. You call me now text or email. No response I know it's by force. Think I'm kidding good think that."

5.     Between May 5 and May 6, 2022, the defendant traveled on an Amtrak train from New Jersey to Charlotte, North Carolina.

6.     On May 7, 2022, the defendant attempted to and did kidnap Jane Doe, to wit: he laid in wait at Jane Doe's apartment complex then attacked her as she walked up the stairs to her apartment. The defendant attempted to drag Jane Doe to her car, but a bystander intervened, and the defendant fled.

7.     On May 7, 2022, after the defendant attacked Jane Doe, the defendant sent Jane Doe the following email: "[Jane Doe] you ready for round two? Do you still think I'm playing with you. I am going to kill you. Make this go away!!!!!"

## COUNT ONE
(Cyberstalking—18 U.S.C. §§ 2261A(2)(A) and (B), 2261 (b)(5) and (6))

The Grand Jury re-alleges and incorporates by reference the allegations in paragraphs 1-7 of this Indictment and charges that:

8.     From in or about April 2022, through in or about May 2022, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant,

**RUSSELL J. MARTINI,**

did, with the intent to harass and intimidate Jane Doe, use any interactive computer service, an electronic communication service, an electronic communication system of interstate commerce, and any other facility

of interstate and foreign commerce to engage in a course of conduct, including sending electronic messages to Jane Doe that threatened acts of violence, that placed Jane Doe in reasonable fear of death or serious bodily injury, and caused and attempted to cause, and would reasonably be expected to cause substantial emotional distress to Jane Doe, in violation of Title 18, United States Code, Sections 2261A(2)(A) and (B) and 2261(b)(5) and (b)(6).

## COUNT TWO
(Stalking—18 U.S.C. §§ 2261A(1)(A) and (B), 2261(b)(5) and (6))

The Grand Jury re-alleges and incorporates by reference the allegations in paragraphs 1-7 of this Indictment and charges that:

9. Between in or about May 5, 2022, and May 8, 2022, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant,

**RUSSELL J. MARTINI,**

traveled in interstate commerce with the intent to kill, injure, harass, and intimidate another person, Jane Doe, and in the course of and as a result of such travel placed Jane Doe in reasonable fear of the death of, or serious bodily injury to Jane Doe and caused substantial emotional distress to Jane Doe, in violation of Title 18, United States Code, Sections 2261A(1)(A) and (B) and 2261(b)(5) and (b)(6).

## COUNT THREE
(Kidnapping—18 U.S.C. § 1201)

The Grand Jury re-alleges and incorporates by reference the allegations in paragraphs 1-7 of this Indictment and charges that:

10. On or about May 7, 2022, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant,

RUSSELL J. MARTINI,

did and attempted to unlawfully and willfully seize, kidnap, abduct, and carry away a person, Jane Doe, and did hold and attempt to hold Jane Doe for ransom, reward, or otherwise and, in committing and in furtherance of the commission of that offense, did travel in interstate commerce and use a means, facility, and an instrumentality of interstate or foreign commerce, all in violation of Title 18, United States Code, Sections 1201(a) and (d) and 2.

## COUNTS FOUR THROUGH SIX
(Interstate Threats—18 U.S.C. § 875(c))

The Grand Jury re-alleges and incorporates by reference the allegations in paragraphs 1-7 of this Indictment and charges that:

11. On or about the dates set forth in the table below, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant,

RUSSELL J. MARTINI,

knowingly and willfully transmitted in interstate and foreign commerce communications containing a threat to injure the person of another, to wit, the defendant sent emails to that contained threats to injure Jane Doe.

| COUNTS | TYPE OF ELECTRONIC TRANSMISSION IN INTERSTATE COMMERCE | APPROXIMATE DATE OF THREAT |
|---|---|---|
| 4 | Email using the account russmartini@gmail.com | April 13, 2022, at 15:25:16 |
| 5 | Email using the account russmartini@gmail.com | May 4, 2022, at 22:10:46 |
| 6 | Email using the account russmartini@gmail.com | May 6, 2022, at 12:27:12 |

All in violation of Title 18, United States Code, Section 875(c).

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

a. All property which constitutes or is derived from proceeds of the violations set forth in this bill of indictment; and

b. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the

defendant/s to the extent of the value of the property described in (a).

A TRUE BILL

DENA J. KING
UNITED STATES ATTORNEY

*/s/ Kimlani M. Ford*
KIMLANI M. FORD
ASSISTANT UNITED STATES ATTORNEY